UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EDGAR SANTAMARIA, on behalf of        :
himself and all others similarly situated,     :
                                       :
               Plaintiffs,             :
                                       :
           -against-             :
                                       :
HOMEMADE TAQUERIA CORP., HOMEMADE   :    **CLASS AND**
TAQUERIA II CORP., HOMEMADE TAQUERIA   :    **COLLECTIVE ACTION**
III CORP., HOMEMADE TAQUERIA IV CORP.,  :    **COMPLAINT**
HOMEMADE TAQUERIA V CORP., HOMEMADE  :
TAQUERIA VI CORP., HOMEMADE TAQUERIA   :
VII CORP., HOMEMADE TAQUERIA VIII CORP., :
JOHN DOE CORP., JOHN DOE II CORP., JOHN  :
DOE III CORP., JOHN DOE IV CORP. and     :
HILARIO MORALES,                  :
                                       :
               Defendants.       :
-----------------------------------------------------------------------X

Plaintiff Edgar Santamaria ("Plaintiff" or "Santamaria"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants Homemade Taqueria Corp., Homemade Taqueria II Corp., Homemade Taqueria III Corp., Homemade Taqueria IV Corp., Homemade Taqueria V Corp., Homemade Taqueria VI Corp., Homemade Taqueria VII Corp., Homemade Taqueria VIII Corp., John Doe Corp., John Doe II Corp., John Doe III Corp., John Doe IV Corp., and Hilario Morales (collectively, "Defendants" or "Homemade Taqueria"), alleges:

### NATURE OF THE ACTION

1.     Santamaria worked as a delivery worker for Defendants at several locations of Homemade Taqueria, a chain of Mexican restaurants located throughout Brooklyn, Queens, and Long Island, New York where he regularly worked about forty-eight hours per week, but sometimes worked up to eighty-four hours in a week. Santamaria did not receive overtime pay at one and one half (1 ½) times his regular rate

of pay for hours worked over forty, but rather was paid at a "straight time" rate for all hours worked over forty.  In addition, Santamaria was not paid spread-of-hours pay and was not provided with wage notices at the time of hire or accurate wage statements at the end of each pay period.   Also, Defendants paid Santamaria below the minimum wage during the majority of his employment.

2.     Santamaria brings this action seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Defendants' Homemade Taqueria restaurants are in the Eastern District of New York.

## THE PARTIES

**Plaintiff Edgar Santamaria**

5.     Santamaria resides in Queens County, New York.

6.     Defendants employed Santamaria from approximately September 2015 to January 2016 and from approximately January 2019 through May 2021.

**Defendant Homemade Taqueria Corp.**

7.      Defendant Homemade Taqueria Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Long Island City located at 45-09 34 Avenue, Long Island City, New York 11101.

8.      Homemade Taqueria – Long Island City is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

9.      Homemade Taqueria – Long Island City has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.      In the three years preceding the filing of this Complaint, Homemade Taqueria – Long Island City has had an annual gross volume of sales in excess of $500,000.

**Defendant Homemade Taqueria II Corp.**

11.      Defendant Homemade Taqueria II Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Maspeth located at 71-03 Grand Avenue, Maspeth, NY 11378.

12.      Homemade Taqueria – Maspeth is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13.      Homemade Taqueria – Maspeth has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14.      In the three years preceding the filing of this Complaint, Homemade Taqueria – Maspeth has had an annual gross volume of sales in excess of $500,000.

**Defendant Homemade Taqueria III Corp.**

15.     Defendant Homemade Taqueria III Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Hempstead located at 243 Fulton Avenue, Hempstead, NY 11550.

16.     Homemade Taqueria – Hempstead is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17.     Homemade Taqueria – Hempstead has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18.     In the three years preceding the filing of this Complaint, Homemade Taqueria – Hempstead has had an annual gross volume of sales in excess of $500,000.

**Defendant Homemade Taqueria IV Corp.**

19.     Defendant Homemade Taqueria IV Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Meeker Avenue located at 517 Meeker Avenue, Brooklyn, New York 11222.

20.     Homemade Taqueria – Meeker Avenue is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

21.     Homemade Taqueria – Meeker Avenue has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22.     In the three years preceding the filing of this Complaint, Homemade Taqueria – Meeker Avenue has had an annual gross volume of sales in excess of $500,000.

**Defendant Homemade Taqueria V Corp.**

23.     Defendant Homemade Taqueria V Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – 14th Avenue located at 6602 14th Avenue, Brooklyn, NY 11219.

24.     Homemade Taqueria – 14th Avenue is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

25.     Homemade Taqueria – 14th Avenue has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

26.     In the three years preceding the filing of this Complaint, Homemade Taqueria – 14th Avenue has had an annual gross volume of sales in excess of $500,000.

**Defendant Homemade Taqueria VI Corp.**

27.     Defendant Homemade Taqueria VI Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Bellerose located at 247-73 Jericho Turnpike, Bellerose, NY 11426.

28.     Homemade Taqueria – Bellerose is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

29.     Homemade Taqueria – Bellerose has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

30.     In the three years preceding the filing of this Complaint, Homemade Taqueria – Bellerose has had an annual gross volume of sales in excess of $500,000.

**Defendant Homemade Taqueria VII Corp.**

31.     Defendant Homemade Taqueria VII Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Corona located at 40-10 Junction Boulevard, Corona, NY 11368.

32.     Homemade Taqueria – Corona is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

33.     Homemade Taqueria – Corona has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

34.     In the three years preceding the filing of this Complaint, Homemade Taqueria – Corona has had an annual gross volume of sales in excess of $500,000.

**Defendant Homemade Taqueria VIII Corp.**

35.     Defendant Homemade Taqueria VIII Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Ozone Park located at 9409 101 Avenue, Ozone Park, NY 11416.

36.     Homemade Taqueria – Ozone Park is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

37.     Homemade Taqueria – Ozone Park has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

38.     In the three years preceding the filing of this Complaint, Homemade Taqueria – Ozone Park has had an annual gross volume of sales in excess of $500,000.

**Defendant John Doe Corp.**

39.     Defendant John Doe Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Kew Gardens located at 8060 Lefferts Boulevard, Kew Gardens, NY 11415.

40.     Homemade Taqueria – Kew Gardens is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

41.     Homemade Taqueria – Kew Gardens has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

42.     In the three years preceding the filing of this Complaint, Homemade Taqueria – Kew Gardens has had an annual gross volume of sales in excess of $500,000.

**Defendant John Doe II Corp.**

43.     Defendant John Doe II Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – College Point located at 121-18 14th Road, College Point, NY 11356.

44.     Homemade Taqueria – College Point is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

45.     Homemade Taqueria – College Point has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

46.     In the three years preceding the filing of this Complaint, Homemade Taqueria – College Point has had an annual gross volume of sales in excess of $500,000.

**Defendant John Doe III Corp.**

47.    Defendant John Doe III Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Forest Hills located at 72-36 Austin Street, Forest Hills, NY 11375.

48.    Homemade Taqueria – Forest Hills is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

49.    Homemade Taqueria – Forest Hills has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

50.    In the three years preceding the filing of this Complaint, Homemade Taqueria – Forest Hills has had an annual gross volume of sales in excess of $500,000.

**Defendant John Doe IV Corp.**

51.    Defendant John Doe IV Corp. is a New York corporation that owns, operates, and does business as Homemade Taqueria – Jamaica located at 8770 Parsons Boulevard, Jamaica, NY 11432.

52.    Homemade Taqueria – Jamaica is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

53.    Homemade Taqueria – Jamaica has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

54.    In the three years preceding the filing of this Complaint, Homemade Taqueria – Jamaica has had an annual gross volume of sales in excess of $500,000.

**Defendant Hilario Morales**

55.    Hilario Morales ("Morales") is an owner of Homemade Taqueria.

8

56.     Morales has and exercises authority to hire and fire employees, directs the way employees perform their daily duties and assignments, and establishes the pay practices and work and scheduling policies at all the Homemade Taqueria locations.

57.     Throughout Plaintiff's employment Morales was regularly present at each of the Homemade Taqueria locations, stopping into each of them at least once per week.

58.     Morales hired and fired Santamaria.

59.     Morales determined Santamaria's schedule.

60.     Morales determined Santamaria's pay rate throughout his employment.

61.     Morales exercises sufficient control over the operations of the Homemade Taqueria locations to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendants Are Joint Employers**

62.     Homemade Taqueria Corp., Homemade Taqueria II Corp., Homemade Taqueria III Corp., Homemade Taqueria IV Corp., Homemade Taqueria V Corp., Homemade Taqueria VI Corp., Homemade Taqueria VII Corp., Homemade Taqueria VIII Corp., John Doe Corp., John Doe II Corp., John Doe III Corp., and John Doe IV Corp. have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

63.     Morales owns all of all the Homemade Taqueria locations.

64.     Morales co-owns certain locations of Homemade Taqueria and confers with co-owners about the day-to-day operations, but Morales is the primary owner of each location and is the final decisionmaker regarding menu items, employee practices, and scheduling at each location.

65.     News publications have identified Morales as owner and stated that there is common ownership of the Homemade Taqueria restaurants.  *Homemade Taqueria*, The

Queens Gazette (Mar. 3, 2021) https://www.qgazette.com/articles/ homemade-taqueria-2/ ("Homemade Taqueria . . . has grown into a taco empire with an incredible 11 locations throughout Queens, Brooklyn, and Long Island.")

66.     All Homemade Taqueria locations share a common food and drink menu and restaurant logo.

67.     All Homemade Taqueria locations share a singular online presence, www.homemadetaqueria.com, which provides information about the locations, hours of operation, and menu.

68.     Homemade Taqueria processes food orders for delivery and for pickup at all of its locations via its website and its mobile application named "Homemade Taqueria."

69.     All Homemade Taqueria locations share a singular email address, homemadetaqueria@gmail.com.

70.     In addition to the shared, centralized website, Homemade Taqueria has one Facebook, Instagram, and Twitter page for all of its locations.

71.     Defendant Morales requires employees to work at all the Homemade Taqueria locations. For example, Santamaria worked primarily in Kew Gardens and Ozone Park, but Morales would send him to other locations as needed, approximately once a month, to cover other workers' shifts. Plaintiff worked shifts at the Kew Gardens, Ozone Park, Corona, and Long Island City locations of Homemade Taqueria.

72.     Morales regularly texted Plaintiff to tell him what location to report to for work.

73.     Plaintiff regularly worked with delivery workers who had been sent from other Homemade Taqueria locations to cover an employee's shift.

**COLLECTIVE ACTION ALLEGATIONS**

74.     Santamaria brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated delivery workers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

75.     The FLSA Collective consists of approximately fifty delivery workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

76.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL.  This pattern, practice, and/or policy includes, *inter alia,* the following:

   a.  failing to keep accurate records of hours worked by the FLSA Collective as required by law; and

   b.  failing to pay the FLSA Collective overtime pay for all hours worked over forty.

77.     Defendants have engaged in this unlawful conduct pursuant to a policy of minimizing labor costs and denying employees their compensation.

78.     Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

79.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and are locatable through Defendants' records, which Defendants are required to maintain pursuant to the FLSA and NYLL.   These similarly situated

employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

80.    Plaintiff brings the claims in this Complaint as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of himself and all current and former delivery workers employed by Defendants at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

81.    The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.  The exact number of the Rule 23 Class members is unknown to Plaintiff at this time, but there are believed to be more than one hundred such persons.

82.    The identity of the Rule 23 Class members is known to the Defendants and is contained in the employment records that Defendants are required to create and maintain pursuant to state and federal law.

83.    Common questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

a.    whether Defendants failed to pay the Rule 23 Class minimum wage for each hour worked;

b.    whether Defendants failed to pay the Rule 23 Class overtime at a rate of one- and one-half times their regular hourly rate for all hours worked over 40 in a workweek in violation of the NYLL;

c.    whether Defendants failed to pay the Rule 23 Class spread-of-hours pay, *i.e.*, an extra hour of wages at the full minimum wage rate, on days that their shifts exceeded ten hours, as required by the NYLL;

      d.   whether Defendants failed to furnish the Rule 23 Class with an accurate statement of all wages, hours worked, rates paid, and gross wages as required by the NYLL and the supporting regulations; and

      e.   whether Defendants failed to furnish the Rule 23 Class with wage notices.

84.    Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and the members of the Rule 23 Class work or have worked for Defendants within the six years prior to the filing of this action.  They enjoy the same statutory rights under the NYLL to be paid at the correct minimum wage and overtime wage for all hours worked and to keep the gratuities they earn.  Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

85.    Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

86.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

87.    Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

88.    There is no conflict between Plaintiff and the Rule 23 Class members.

89.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures.  Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants'

compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages.  In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

90.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

91.     Throughout his employment, Plaintiff worked as a delivery worker for Defendants. His job duties included packing delivery orders, delivering food, and also chopping vegetables and helping with dishwashing and cleaning duties in the kitchens of the Homemade Taqueria locations where he worked.

92.     From September 2015 to January 2016, Defendants paid Plaintiff $9.00 per hour for all hours worked, including those over forty per workweek (*i.e.*, "straight time basis").

93.     For the remainder of Plaintiff's employment, Defendants paid Plaintiff $10.00 per hour on a straight time basis.

94.     Defendants paid Santamaria in cash from the start of his employment through August 2020.

95.     From September 2020 through the end of his employment, Defendants paid Santamaria both in cash and by check each workweek.  He received a check for 40 hours and cash on a straight time basis for all additional hours worked that week.

96.     From September 2015 to January 2016, Plaintiff primarily worked at Homemade Taqueria – Long Island City and regularly worked four days per week from about 11:00 a.m. to 11:00 p.m. for a total of approximately 48 hours per week.

97.     From in or about January 2019 through March 2020, Plaintiff primarily worked at Homemade Taqueria – Ozone Park and regularly worked four days per week from about 11:00 a.m. to 11:00 p.m. for a total of approximately 48 hours per week.

98.     Plaintiff did not work from mid-March 2020 through May 2020.

99.     From approximately June 2020 through August 2020, Plaintiff primarily worked at Homemade Taqueria – Ozone Park and regularly worked two to four days per week from about 11:00 a.m. to 11:00 p.m. for a total of approximately 24 to 48 hours per week.

100.    From approximately September 2020 through Feb 2021, Plaintiff primarily worked at Homemade Taqueria – Kew Gardens and regularly worked seven days per week from about 11:00 a.m. to 11:00 p.m. for a total of approximately 84 hours per week.

101.    From on or about February 15, 2021 to May 2021, Plaintiff primarily worked at Homemade Taqueria – Kew Gardens and regularly worked five or six days per week from about 11:00 a.m. to 11:00 p.m. for a total of approximately 60 to 72 hours per week.

102.    Throughout his employment, Santamaria and other delivery workers generally took 10-to-15-minute breaks when business was slow but were not allowed to leave the premises and were not given an officially designated break time.

103.    Plaintiff regularly spend more than three hours per day doing non-tipped work such as cleaning, washing dishes, and chopping vegetables.

104.    Defendants employ more than ten employees and paid Santamaria and other delivery workers below the statutorily required minimum wage rate of $15.00 per hour from 2019 to 2021.

105.   Although Santamaria and other delivery workers regularly worked more than forty hours in a workweek, they were not paid overtime pay at 1 ½ times their regular hourly rate of pay.

106.   Santamaria and other delivery workers were not paid spread-of-hours pay on days that their shifts exceeded ten hours, as required by the NYLL.

107.   Defendants failed to furnish Santamaria and the other delivery workers with a wage notice upon hire and whenever their pay rate changed, as required by the NYLL.

108.   Defendants failed to furnish Santamaria and the other delivery workers with accurate wages statements with each payment of their wages, as required by the NYLL.

109.   Defendants also required Santamaria and the other delivery workers to purchase and maintain tools of the trade to perform their duties as a delivery person, including a bicycle, a bicycle lock, and a helmet.  Santamaria spent approximately $200 to purchase and maintain these items while employed by Defendants.

## FIRST CLAIM
### (New York Labor Law – Unpaid Minimum Wages)

110.   Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

111.   The NYLL requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

112.   Defendants are employers of Plaintiff and the Rule 23 Class within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

113.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants.

114.    Defendants failed to pay Plaintiff and the Rule 23 Class the minimum wages to which they were entitled to under the NYLL and its supporting regulations.

115.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class the correct minimum hourly wage.

116.    Defendants were not eligible at any time to avail themselves of the tipped minimum wage rate under the NYLL because, (1) Defendants were required to, but failed to, inform Plaintiff and the Rule 23 Class of the tip credit provisions of the NYLL and the supporting NYDOL Regulations; (2) Defendants paid Plaintiff and the Rule 23 Class less than the statutorily allowed tipped minimum wage rate, which is currently $12.50 per hour; and (3) Plaintiff and the Rule 23 Class typically spent 2 hours or more of their day or more than 20% of their workday performing non-tipped work.

117.    As a result of Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**SECOND CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

118.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

119.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff and the FLSA Collective.

120.    Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty

hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

121.    Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

122.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

123.    Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

124.    Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Unpaid Overtime)

125.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

126.    Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the Rule 23 Class one and one half (1 ½) times the regular rate of pay for all hours they worked in excess of forty.

127.    Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

128.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

129.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**FOURTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)**

130.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

131.    The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

132.    Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff and the Rule 23 Class without providing them a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

133.    Due to Defendants' violation of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

**FIFTH CLAIM**
**(New York Labor Law Wage Theft Prevention Act – Failure to Provide Wage Notices)**

134.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

135.    The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all

employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

136.     Defendants failed to furnish Plaintiff and the Rule 23 Class at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

137.     Due to Defendants' violation of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to the NYLL § 198(1-b).

### SIXTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

138.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

139.     Defendants have willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than ten hours.

140.     By Defendants' failure to pay Plaintiff and the Rule 23 Class spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the

supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

141. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover an amount prescribed by statue, reasonable attorneys' fees and pre- and post-judgment interest, and liquidated damages.

## SEVENTH CLAIM
### (New York Labor Law – Unlawful Deductions)

142. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

143. New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

144. Defendants have willfully violated the NYLL and supporting New York State Department of Labor Regulations by knowingly and intentionally requiring Plaintiff and the Rule 23 Class to purchase and maintain bicycles and accessories to be used during the course of their employment.  The costs and expenses paid by Plaintiff and the Rule 23 Class reduced the hourly wage that they were paid.

145. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants' payments made by separate transaction for required work materials, reasonable attorneys' fees, liquidated damages and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and behalf of the FLSA Collective and Rule 23 Class respectfully requests that this Court enter a judgment:

a.      authorizing the issuance of notice at the earliest possible time to all delivery workers who are presently working, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Homemade Taqueria. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.      certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.      designating Plaintiff as a representative of the Rule 23 Class and counsel of record as Class Counsel;

d.      declaring that Defendants have violated the overtime wage provisions of the FLSA and the NYLL and supporting New York State Department of Labor Regulations;

e.      declaring that Defendants have violated the minimum wage provisions of the NYLL and supporting New York State Department of Labor Regulations;

f.      declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and the Wage Theft Prevention Act;

g.      declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and the New York State Department of Labor Regulations;

h.      enjoining future violations of the FLSA and NYLL by Defendants;

i.      declaring that Defendants' violations of the FLSA and NYLL were willful;

j.      awarding Plaintiff and Rule 23 Class unpaid minimum wages;

k.      awarding Plaintiff, the FLSA Collective, and Rule 23 Class unpaid overtime wages;

l.      awarding Plaintiff and Rule 23 Class damages for unpaid spread-of-hours compensation;

m.      awarding Plaintiff and Rule 23 Class damages as a result of Defendants' unlawful deductions;

n.      awarding Plaintiff, the FLSA Collective and Rule 23 Class liquidated damages as a result of Defendants' failure to furnish wage statements and a notice at the time of hiring pursuant to the NYLL;

o.      awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

p.      awarding Plaintiff and the Rule 23 Class liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

q.      awarding Plaintiff, the FLSA Collective and Rule 23 Class pre-judgment and post-judgment interest under the FLSA and the NYLL;

r.      awarding Plaintiff, the FLSA Collective and Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

s.      awarding such other and further relief as the Court deems just and

proper.

Dated: New York, New York
      June 24, 2021

                  PECHMAN LAW GROUP PLLC


                  By: ___*s/Louis Pechman*_____
                    Louis Pechman
                    Laura Rodriguez
                    488 Madison Avenue, 17th Fl.
                    New York, New York 10022
                    (212) 583-9500
                    pechman@pechmanlaw.com
                    rodriguez@pechmanlaw.com
                    *Attorneys for Plaintiffs, the Putative*
                    *Collective, and the FLSA Class*