# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

<u>**VIA ECF**</u>

The Honorable Eric N. Vitaliano, U.S.D.J.                                October 6, 2021
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                     Re:      *Santamaria v. Homemade Taqueria Corp. et al*
                            <u>**Case No.: 1:21-cv-03562-ENV-SJB**</u>

Dear Honorable Judge Vitaliano:

        This law firm represents Defendants Homemade Taqueria Corp., Homemade Taqueria II Corp., Homemade Taqueria III Corp., Homemade Taqueria IV Corp., Homemade Taqueria V Corp., Homemade Taqueria VI, Homemade Taqueria VII Corp, Homemade Taqueria VIII, John Doe Corp., John Doe II Corp., John Doe III Corp., John Doe IV Corp., and Hilario Morales (collectively, the "Defendants") in the above-referenced matter.

        Pursuant to Rules I(B) and III(A) of Your Honor's Individual Motion Practices, this letter respectfully serves to request a pre-motion conference on Defendants' anticipated motion to dismiss Plaintiff's Complaint, filed on June 24, 2021 [Dckt. No. 1] (the "Complaint", or the "Compl.") as against certain of the above-referenced corporate defendants, pursuant to Fed.R.Civ.P. 12(b)(6).

        As set forth more fully herein, there is considerable support for Defendants' position that the action should be completely dismissed as against corporate defendants Homemade Taqueria III Corp., Homemade Taqueria IV Corp., Homemade Taqueria V Corp., Homemade Taqueria VI, Homemade Taqueria VII Corp, Homemade Taqueria VIII, John Doe Corp., John Doe II Corp., John Doe III Corp., and John Doe IV Corp. for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The gravamen of the contemplated motion to dismiss is that the Complaint lists ten (10) corporate defendants, that allegedly operate eight (8) other Homemade Taqueria locations, that Plaintiff never worked at

        **I.**      **Factual Background**

        By way of background, this is an action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") brought by one (1) individual for alleged violations of federal and state minimum wage, overtime, spread-of-hours and recordkeeping violations. [*See generally,* Complaint].

        Specifically, the Complaint alleges that during the relevant period Plaintiff Edgar Santamaria ("Plaintiff") exclusively worked at four (4) Homemade Taqueria locations, as follows:

> "…Santamaria worked primarily in Kew Gardens and Ozone Park, but Morales would send him to other locations as needed, approximately once a month, to cover

> other workers' shifts. Plaintiff worked shifts at the Kew Gardens, Ozone Park, Corona, and Long Island City locations of Homemade Taqueria."
>
> "From September 2015 to January 2016, Plaintiff primarily worked at Homemade Taqueria – Long Island City…"
>
> "From in or about January 2019 through March 2020, Plaintiff primarily worked at Homemade Taqueria – Ozone Park…"
>
> "Plaintiff did not work from mid-March 2020 through May 2020."
>
> "From approximately June 2020 through August 2020, Plaintiff primarily worked at Homemade Taqueria – Ozone Park…"
>
> "From approximately September 2020 through Feb 2021, Plaintiff primarily worked at Homemade Taqueria – Kew Gardens…"
>
> "From on or about February 15, 2021 to May 2021, Plaintiff primarily worked at Homemade Taqueria – Kew Gardens…"

[*Compl*. at ¶¶ 71, 96-101].

The four (4) Homemade Taqueria locations, that Plaintiff allegedly worked at, *i.e.,* "Kew Gardens, Ozone Park, Corona[1], and Long Island City" [*id*. at ¶ 71] are operated by only two (2) corporate defendants: Homemade Taqueria Corp. and Homemade Taqueria II Corp.[2]

However, the Complaint lists ten (10) corporate defendants, that allegedly operate eight (8) other Homemade Taqueria locations that Plaintiff never worked at.[3]

As explained further below, no "employee-employer" relationship exists between the entities that own and operate the eight (8) Homemade Taqueria locations which Plaintiff, admittedly, never worked at.

## II. The Ten (10) Improperly Named Corporate Defendants are Not an "Employer" under the FLSA

Plaintiff's allegations do not support the allegation that certain corporate defendants "employed" Plaintiff and were his "employer." 29 U.S.C. § 203(d)(1).

Under the FLSA, an "employee" is "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and an "employer" includes "any person acting directly or indirectly in the interest of

---

[1] Defendants dispute Plaintiff's allegation that he worked at the Homemade Taqueria, Corona location.
[2] Homemade Taqueria Corp. operates the Long Island City, Ozone Park and Kew Gardens locations, and Homemade Taqueria II Corp. operates the Corona location.
[3] *To wit*: Maspeth, Hempstead, Meeker Avenue, 14th Avenue, Bellerose, College Point, Forest Hills, and Jamaica. [*See Compl*. at ¶¶ 11, 15, 19, 23, 27, 43, 47, and 51].

2

an employer in relation to an employee," *id*. § 203(d). To "employ" means "to suffer or permit to work." *Id*. § 203(g). The FLSA's definition of "employer" may apply to "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," 29 U.S.C. § 203(a), (d), and an individual may be employed by more than one employer, 29 C.F.R. § 791.2(a). "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer." *Herman v. RSR Sec. Servs*., 172 F.3d 132, 139 (2d Cir.1999). In making that determination, a court should focus on "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Id*. (internal citations omitted).

In the context of a motion to dismiss, district courts in this Circuit have therefore found that complaints insufficiently allege employment when they fail to plausibly state facts supporting the following four (4) *Carter*[4] factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Jin Dong Wang v. LW Rest., Inc*., 81 F. Supp. 3d 241, 253 (E.D.N.Y. 2015) (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 111 (2d Cir. 2013)). *See, e.g.*, *Chen Lin v. Dolar Shop Rest. Grp., LLC*, 2021 WL 681075, at *7 (E.D.N.Y. 2021) (granting motion to dismiss for failure to state a claim); *Peng Bai v. Fu Xing Zhuo*, 2014 WL 2645119, at *4 (E.D.N.Y. 2014) ("[A]llegations that [defendant] had the power to hire, fire, set wages, set work conditions, and maintain employment records" were "conclusory and inadequate to establish that [defendant] was an employer."); *Bravo v. Established Burger One, LLC*, 2013 WL 5549495, at *7 (S.D.N.Y. 2013) (dismissing claims when plaintiffs simply alleged "the elements of the 'economic reality test' " with "no specific facts" because "mere boilerplate allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss") (quotations omitted); *see also Huer Huang v. Shanghai City Corp*., 459 F. Supp. 3d 580, 588-89 (S.D.N.Y. 2020); *Chui-Fan Kwan v. Sahara Dreams Co. II Inc*., 2018 WL 6655607, at *4 (S.D.N.Y. 2018).

Here, Plaintiff's Complaint provides no factual basis for naming corporate defendants that own and operate the eight (8) Homemade Taqueria locations[5] which Plaintiff, admittedly, never worked at.  [*Compl*. at ¶¶ 71, 96-101].

### III.     Conclusion

For the foregoing reasons, Defendants respectfully request the scheduling of a pre-motion conference on Defendants' anticipated motion to dismiss Plaintiff's Complaint.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

---

[4] *Carter v. Dutchess Community Coll*., 735 F.2d 8, 12 (2d Cir. 1984).
[5] *To wit*: Homemade Taqueria Maspeth, Hempstead, Meeker Avenue, 14th Avenue, Bellerose, College Point, Forest Hills, and Jamaica. [*See Compl*. at ¶¶ 11, 15, 19, 23, 27, 43, 47, and 51].

                          LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
     Jason Mizrahi, Esq.
     60 East 42nd Street, Suite 4700
     New York, New York 10165
     Tel. No.: (212) 792-0048
     Email: Jason@levinepstein.com
     *Attorneys for Defendants*

VIA ECF: All Counsel