# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

**VIA ECF**

The Honorable Sanket J. Bulsara, U.S.M.J.                                           October 6, 2021
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Santamaria v. Homemade Taqueria Corp. et al*
         **Case No.: 1:21-cv-03562-ENV-SJB**

Dear Honorable Magistrate Judge Bulsara:

  This law firm represents Defendants Homemade Taqueria Corp., Homemade Taqueria II Corp., Homemade Taqueria III Corp., Homemade Taqueria IV Corp., Homemade Taqueria V Corp., Homemade Taqueria VI, Homemade Taqueria VII Corp, Homemade Taqueria VIII, John Doe Corp., John Doe II Corp., John Doe III Corp., John Doe IV Corp., and Hilario Morales (collectively, the "Defendants") in the above-referenced matter.

  Pursuant to Rules III(B) and IV(B) of Your Honor's Individual Motion Practices, and the directives contained in Your Honor's August 12, 2021 Scheduling Order [Dckt. No. 10] this letter respectfully serves to request a partial stay on all discovery pending the briefing and resolution of Defendants' anticipated motion to dismiss (the "Motion to Dismiss").

  As set forth more fully in Defendants' pre-motion conference letter in contemplation of the Motion to Dismiss, filed simultaneously herewith, and respectfully incorporated by reference herein, there is considerable support for Defendants' position that the action should be completely dismissed as against corporate defendants Homemade Taqueria III Corp., Homemade Taqueria IV Corp., Homemade Taqueria V Corp., Homemade Taqueria VI, Homemade Taqueria VII Corp, Homemade Taqueria VIII, John Doe Corp., John Doe II Corp., John Doe III Corp., and John Doe IV Corp. for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The gravamen of the contemplated Motion to Dismiss is that the Complaint lists ten (10) corporate defendants, that allegedly operate eight (8) other Homemade Taqueria locations, that Plaintiff never worked at.

  **I.** **Legal Standard**

  Under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 26(c), a district court may stay discovery "for good cause." Fed.R.Civ.P. 26(c). "When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff s claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Mulligan v. Long Island Univ.,* 2018 WL 8014320, at *1 (E.D.N.Y. 2018) (internal quotations and citation omitted).

## II.     Legal Argument

### A. Defendants Have Made a Requisite Showing that Plaintiff's Claim Against Certain Corporate Defendants is Unmeritorious

As set forth more fully in Defendants' pre-motion conference letter, Plaintiff's Complaint provides no factual basis for naming corporate defendants that own and operate the eight (8) Homemade Taqueria locations which Plaintiff, admittedly, never worked at. *See, e.g.*, *Chen Lin v. Dolar Shop Rest. Grp., LLC*, 2021 WL 681075, at *7 (E.D.N.Y. 2021) (granting motion to dismiss for failure to state a claim); *Peng Bai v. Fu Xing Zhuo*, 2014 WL 2645119, at *4 (E.D.N.Y. 2014) ("[A]llegations that [defendant] had the power to hire, fire, set wages, set work conditions, and maintain employment records" were "conclusory and inadequate to establish that [defendant] was an employer."); *Bravo v. Established Burger One, LLC*, 2013 WL 5549495, at *7 (S.D.N.Y. 2013) (dismissing claims when plaintiffs simply alleged "the elements of the 'economic reality test' " with "no specific facts" because "mere boilerplate allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss") (quotations omitted); *see also Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588-89 (S.D.N.Y. 2020); *Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, 2018 WL 6655607, at *4 (S.D.N.Y. 2018).

### B. Any Anticipated Discovery is Unduly Burdensome

As to the "breadth of discovery, and the burden of responding to it", courts consider the volume of discovery sought and the costs involved in responding to subpoenas and discovery requests. *See Mulligan,* 2018 WL 8014320 at *3. *See also Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113 (E.D.N.Y. 2006). Where the discovery sought covers a considerable timespan, and third-party discovery is anticipated, the burden imposed increases. *See Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529, at *3 (E.D.N.Y. 2014) (finding that "the burdens of discovery are considerable" based in part on the fact that plaintiff's discovery request sought documents spanning many years).

In *Chesney* the Court noted that the complaint named "sixteen [ ] entities or individuals" in finding that "[t]o set a discovery schedule and require all of the named defendants, institutional and individual, to participate would, in my opinion, be unreasonable and inappropriate under the circumstances presented here." *Chesney*, 236 F.R.D. at 116. Instead, the court noted that "[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated, as to certain named defendants here." *Id*. The same considerations apply here.

Should discovery proceed in the ordinary course, Plaintiff would presumably seek discovery from ten (10) improperly named corporate defendants, that operate eight (8) Homemade Taqueria locations that Plaintiff, admittedly, never worked at.[1] The time span at-issue covers the period between September 2015 through May 2021, *i.e.,* a period of six (6) years.

---

[1] *To wit*: Maspeth, Hempstead, Meeker Avenue, 14th Avenue, Bellerose, College Point, Forest Hills, and Jamaica. [*See Compl*. at ¶¶ 11, 15, 19, 23, 27, 43, 47, and 51].

This is the case where any anticipated discovery would be broad and, and unduly burdensome. Discovery should respectfully be stayed.

### C. The Avoidance of Prejudice Militates in Favor of a Stay

As to the third factor, Federal Courts have recognized the potential negative impact of a stay of discovery, and the risk of unfair prejudice it poses to the opposing party. *Mulligan,* 2018 WL 8014320 at *3; *see also Bethpage Water Dist.*, 2014 WL 6883529, at *3 ("any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion.")

This is not a legitimate concern here given the undisputed fact that Plaintiff did not work at the eight (8) Homemade Taqueria locations sought to be excluded from discovery.[2]

In the case at bar, the avoidance of prejudice weighs heavily in favor of granting a stay. The key factual issues that require discovery are Plaintiff's weekly schedule and compensation, established through time and payroll records, which Defendants have maintained.

Accordingly, the avoidance of prejudice weighs in favor of a stay.

Thank you, in advance, for your time and attention to this matter.

        Respectfully submitted,

        LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
    Jason Mizrahi, Esq.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel. No.: (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Defendants*

VIA ECF: All Counsel

---

[2] *To wit*: Maspeth, Hempstead, Meeker Avenue, 14th Avenue, Bellerose, College Point, Forest Hills, and Jamaica. [*See Compl*. at ¶¶ 11, 15, 19, 23, 27, 43, 47, and 51].