UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDGAR SANTAMARIA,

                              Plaintiff,

            -against-                         **ORDER**
                                                    21-CV-3562-ENV-SJB

HOMEMADE TAQUERIA CORP. *d/b/a*
HOMEMADE TAQUERIA LONG ISLAND CITY,
HOMEMADE TAQUERIA II CORP. *d/b/a*
HOMEMADE TAQUERIA MASPETH, and HILARIO
MORALES,

                              Defendants.
------------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

        The Court previously granted Plaintiff's request to brief the issue of whether a collective action notice should be mailed to three or six locations. (*See* Letter-Mot. dated Mar. 14, 2022, Dkt. No. 19 at 2; Order dated Mar. 15, 2022). The papers in response to the Court's order talk past each other. Plaintiff briefed the issue the Court permitted, namely, the locations where notice should be sent, (Letter-Mot. dated Mar. 29, 2022 ("Pl.'s Mot."), Dkt. No. 20); Defendants briefed the question of whether collective action is permissible at all, (Letter-Mot. dated Apr. 12, 2022, Dkt. No. 21). The latter question is not before the Court. Indeed, at the conference held on February 28, 2022, Defendants indicated that the sole issue for Court resolution was where the collective action notice should be mailed. There was no indication that outside of this single issue, there was an objection to the proposed notice or to the broader issue of conditional certification. As such, the Court declines to reach or resolve any other issue other than which Homemade Taqueria locations should be provided any collective action notice.

Plaintiff alleges that he worked at three different Homemade Taqueria locations—Ozone Park, Long Island City, and Kew Gardens. (Am. Compl. dated Oct. 15, 2021 ("Am. Compl."), Dkt. No. 15 ¶¶ 8, 33, 58, 62; Santamaria Decl. dated Mar. 29, 2022 ("Decl."), attached as Ex. B to Pl.'s Mot. ¶¶ 4, 7, 12). These locations are owned by Defendants Hilario Morales and Homemade Taqueria Corp. (Am. Compl. ¶¶ 8, 17). Defendants Morales and Homemade Taqueria II Corp. own three other Homemade Taqueria locations—Maspeth, Corona, and College Point. (*Id.* ¶ 13). Plaintiff's papers concede that he "did not work at all six restaurants owned by Defendants[.]" (Pl.'s Mot. at 2). Indeed, on a single occasion, Plaintiff worked at the Corona location (though no date is provided). (Decl. ¶ 17). At no time did he work at either the Maspeth or College Point locations. Yet Plaintiff nonetheless requests that the notice be sent to employees of those locations on the theory that because he was not paid properly and was asked to work at multiple Homemade Taqueria locations, it must follow that all employees of all locations owned by Defendants were subject to a common illegal policy. (Pl.'s Mot. at 2). The conclusion does not follow.

For one thing, a plaintiff must produce facts, not supposition, that employees at a different location than his own were subject to a common wage and hour policy. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010) ("The court may send [notice to potential opt-in plaintiffs] after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'") (quoting *Hoffmann v. Sbarro*, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). Key to this showing is whether the plaintiff "provide[s] actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations." *Gu v. T.C. Chikurin, Inc.*,

2

No. 13-CV-2322, 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014); *accord Myers*, 624 F.3d at 555.  "[M]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Placinta v. Grazina Pilka, Inc.*, No. 16-CV-4272, 2018 WL 5024170, at *2 (E.D.N.Y. Oct. 5, 2018) (quoting *Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006).  Courts have denied conditional certification where a plaintiff makes only conclusory allegations about his workplace and fails to present any specific evidence of a common policy of wage-and-hour violations.  The inquiry "cannot be satisfied simply by 'unsupported assertions[.]'" *Myers*, 624 F.3d at 555 (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)); s*ee also Ladino v. Ridgewood Ale House Inc.*, No. 21-CV-2449, 2022 WL 1122621, at *4 (E.D.N.Y. Apr. 14, 2022) (denying certification of a collective where plaintiff relied on "generic, conclusory assertions") (collecting cases).

      Here, all Plaintiff indicated is that an employee named Ivan worked at various Homemade Taqueria locations and was paid in a way that was not consistent with the law.  (Decl. ¶¶ 27–28).  But Ivan did not work at the Maspeth or College Point locations.  (*Id.* ¶ 27).  And while Plaintiff indicates that Ivan worked at the Corona location, he says nothing about when he worked there or for how long.  (*Id.*).  If it was a single day, like Plaintiff himself, without any other evidence, there is nothing to demonstrate that workers at the Corona location were subject to the same illegal policy.

      Although Plaintiff states that he knows from his observations and conversations that individuals at Maspeth, College Point, and Corona were subject to the same improper policies, (Decl. ¶¶ 25–28), generic statements about unidentified conversations with unnamed employees do not meet even the very low bar for obtaining

3

certification of a collective. *E.g., Hwangbo v. Kimganae, Inc.*, No. 19-CV-6356, 2021 WL 2843839, at *6 (E.D.N.Y. June 1, 2021) ("[V]ague, conclusory allegations that 'non-managerial staff' or 'all' employees were subject to the same policies [do] not rise to the level of a modest factual showing needed to include them in the collective[.]") (internal citations and quotations omitted); *Yang v. Zhou's Yummy Rest., Inc.*, No. 19-CV-5203, 2020 WL 2738403, at *3 (E.D.N.Y. Apr. 28, 2020) ("Yang's single affidavit is filled with conclusory allegations that generally state he became familiar with a number of employees and their monthly salaries by 'chatting' with them. Despite 'chatting' with these employees, and working with them for years, he does not know the first names of six of the nine employees he spoke with; for one he provides only the title of his position. No information is provided as to when or where these conversations took place during Yang's many years of employment. Because 'the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed [collective] . . . and notice process,' certification is not possible.") (alterations in original) (citations omitted) (quoting *Sanchez v. JMP Ventures, L.L.C.*, No. 13-CV-7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014)); *Joshi v. Flagship S B Amsterdam NY, LLC*, No. 17-CV-5785, 2018 WL 1135566, at *4 (S.D.N.Y. Mar. 1, 2018) (denying certification where plaintiff "merely asserts in generalized terms that he observed other employees at work and had several conversations with other employees about their compensation"). As here, a plaintiff's affidavit based on personal observations and conversations that provides only a colleague's first name, but does not offer "specifics regarding how many hours [the colleague] worked; his wages received; when he worked for Defendants and whether that overlapped with the relevant period; [or] the dates or locations of any of their . . .

4

conversations" cannot support certification.  *Ladino*, 2022 WL 1122621, at *5; *see also Thompson v. Glob. Contact Servs., LLC,* No. 20-CV-651, 2021 WL 3087568, at *4–*5 (E.D.N.Y. July 21, 2021) (denying certification where plaintiff's affidavit averred to conversations with colleagues but was devoid of detail "about when the conversations took place, the nature of" any workplace violations discussed and their duration, "whether [they] affected only the employee's overtime compensation . . . or minimum wages or both[.]").

Plaintiff argues that Defendants have not put forth any evidence to demonstrate that individuals at Maspeth, College Point or Corona were subject to a different policy than the one Plaintiff suffered at the three other locations. (Pl.'s Mot. at 2).  This argument confuses the burdens between Plaintiff and Defendants; Plaintiff must come forward with evidence to achieve collective certification.  *E.g., Hallissey v. Am. Online, Inc.*, No. 99-CV-3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("*Plaintiffs* may satisfy [their burden] by relying on their own pleadings, affidavits, [and] declarations, or the affidavits and declarations of other potential class members.") (emphasis added) (second alteration in original).  Defendants have no burden to demonstrate that the different locations are differently situated.  And the paltry evidence that Plaintiff has advanced—a single occasion working at the Corona location, a conversation with one employee who worked at that location at some unknown time—is insufficient to bring Corona under the umbrella of the locations who should receive notice.  The result for Maspeth and College Point is the same.  Plaintiff never worked there.  Nor did Ivan.  *Cf. Placinta*, 2018 WL 5024170, at *12 ("The next issue is whether the conditional certification notice should be sent to servers and bussers from all three locations— Tatiana Restaurant, Tatiana Grill, and the Beach Cafe.  Placinta worked at Tatiana

5

Restaurant and the Beach Cafe; Strelchuk worked at Tatiana Grill.  Both indicated that they were subject to the unlawful wage and hour policies at each location.  That is sufficient at this stage to warrant notice being sent to all three locations."). Conversations at unidentified times with unknown employees who generically claim to have been subject to the same practices at Maspeth and College Point is insufficient to meet even the minimal burden for collective certification.

For these reasons, the Court concludes that any collective action notice—and any collective action in this case—may only cover the Homemade Taqueria locations in Ozone Park, Long Island City, and Kew Gardens.

SO ORDERED.

*/s/ Sanket J. Bulsara*  April 22, 2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

6